UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7397 SPG (MRW) | Date | February 1, 2023 |
|---|---|---|---|
| Title | Jaco v. Children Services of Shasta County | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE RE: DISMISSAL

    1.    Plaintiff Jaco filed this pro se civil rights action in the Central District of California. (Docket # 1.) The complaint alleges that various county employees and officials in Shasta County improperly took her children into care. Plaintiff purported to file the complaint on behalf of herself and the children.

    2.    Pursuant to 28 U.S.C. § 1915(e), Plaintiff is ordered to show cause why the action should not be dismissed or, in the alternative, transferred to the federal court in the Eastern District of California for the following reasons:

        a.    *Unrepresented minors* - A guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer. Jie Lin v. Ashcroft, 377 F.3d 1014, 1025 (9th Cir. 2004). The Ninth Circuit has held as a matter of law that it is not in the interest of minors or incompetents that they be represented by non-attorneys or family members. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); Tagle v. Clark County, 678 F. App'x 600 (9th Cir. 2017) (same). Here, Plaintiff cannot properly proceed with the lawsuit with her children as named parties.

        b.    *Immunity issues* - The complaint purports to name a superior court judge and various county personnel (likely criminal prosecutors or agency counsel) for their roles in the litigation. As a result, the action is barred by principles of immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); Kenner v. United States, ___ F. App'x ___, 2017 WL 1435188 (9th Cir. April 24, 2017) (same). An

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7397 SPG (MRW) | Date | February 1, 2023 |
|---|---|---|---|
| Title | Jaco v. Children Services of Shasta County | | |

          allegation that a judge committed "legal error" will "not deprive [a judge] of judicial immunity." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996). Prosecutors are also entitled to similar protection. Imbler v. Pachtman, 424 U.S. 409, 427 (1976).

    c.    *Rooker-Feldman Preclusion* - Plaintiff's action apparently seeks federal court review of acts that occurred in state court child removal proceedings. A federal court does not act as a super-appellate court for state judicial cases. To the contrary, federal courts are precluded from reviewing or overturning state court actions. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). A claim that facially alleges a civil rights action – but is a de facto appeal of adverse state court rulings – must be dismissed for insufficient federal court jurisdiction. Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) (plaintiff's "§ 1983 claim amounts to nothing more than an impermissible collateral attack on prior state court decisions"; dismissal for lack of jurisdiction affirmed); Ismail v. County of Orange, 693 F. App'x 507, 510 (9th Cir. 2017) (same); Huot v. Montana State Department of Child and Family Services, 727 F. App'x 400 (9th Cir. 2018) (affirming dismissal of civil rights action under Section 1915(e); federal action "constituted a forbidden de facto appeal" of state rulings).

    d.    *Form of Pleading* - Federal Rule of Civil Procedure 8 requires that a litigant provide a "short and plain statement of the claim" against each named defendant. Plaintiff's lengthy, rambling statement in the complaint fails to lay out her claims in any coherent way against the various parties.

    e.    *Wrong Venue* - At the time of the incidents discussed, Plaintiff, her children, the named defendants, and, potential witnesses were presumably located in the Shasta County area. That is within the venue of the Eastern District of California. Plaintiff filed this lawsuit in the Central District. As a result, transfer or dismissal of the action is likely warranted. 28 U.S.C. § 1404(a).

    3.    Based on the numerous defects on the face of the complaint, the Court could fairly dismiss the action sua sponte under Section 1915. However, in the interests of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-7397 SPG (MRW) | Date | February 1, 2023 |
|---|---|---|---|
| Title | Jaco v. Children Services of Shasta County | | |

justice, the Court will give Plaintiff an opportunity to show cause why the matter should not be dismissed or transferred to a federal court in the Eastern District. Plaintiff may respond to this order with a submission (not to exceed <u>five pages</u>) that concisely explains why Plaintiff is legally entitled to pursue this action in this district despite the patent defects with the complaint. Plaintiff's response to this OSC will be due by March 1.

       4.      **<u>In the alternative</u>**, Plaintiff may voluntarily dismiss this federal action with no further consequence.

**Failure to comply with the terms of this order may result in a recommendation that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Proc. 41(b). <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**