1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TIFFANY JACO, et al.,

Plaintiffs,

v.

CHILDREN'S SERVICES OF
SHASTA COUNTY, et al.,

Defendants.

Case No. CV 22-7397 SPG (MRW)

**ORDER DISMISSING ACTION
WITHOUT LEAVE TO AMEND**

The Court dismisses this action for failure to state a claim and due to the failure of a pro se litigant to respond to a court order.

* * *

1.     This is a pro se civil action.  In a complaint filed in October 2022, Plaintiff alleged that various county employees and officials in Shasta County improperly took her children into care.  Plaintiff purported to file the complaint on behalf of herself and other family members. (Docket # 1.)

1    2.    After the assigned district judge granted in forma pauperis

2 status to Plaintiff, the matter was referred to Magistrate Judge Wilner for

3 screening and other pretrial proceedings.  Pursuant to 28 U.S.C. § 1915(e),

4 Judge Wilner issued an order to show cause why Plaintiff's case should not

5 be dismissed.  (Docket # 10.)  In the OSC, the magistrate judge noted

6 numerous pleading defects with Plaintiff's complaint.  These were that:

7 (1) Plaintiff (a non-lawyer) brought the lawsuit on behalf of unrepresented

8 minors; (2) the complaint likely named immune parties (a superior court

9 judge and county personnel); (3) Plaintiff improperly sought federal court

10 review of acts that occurred in state court child removal proceedings;

11 (4) the rambling complaint was not a "short and plain statement of the

12 claim" as required by Federal Rule of Civil Procedure 8; and (5) Plaintiff

13 likely filed her complaint in the wrong venue.

14    3.    The OSC gave Plaintiff until March 1, 2023, to: explain why

15 the matter should not be dismissed or transferred; voluntarily dismiss the

16 case; or face involuntary dismissal of the action.  Plaintiff failed to file any

17 response to the order.  Since the inception of the action, Plaintiff has not

18 filed any documents with the Court.

19                                        * * *

20    4.    Under 28 U.S.C. § 1915(e)(2), a court is required to dismiss any

21 action if it is determined that an action is frivolous, malicious, fails to state

22 a claim for relief, or seeks monetary relief against an immune party.

23    5.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to

24 comply with these rules or a court order, a defendant may move to dismiss

25 the action or any claim against it."  Dismissal also may be ordered by the

26 Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

27

28

1    6.    Rule 41(b) specifically authorizes a court to dismiss a civil

2    action when a plaintiff has not filed a required pleading "after being given

3    leave to do so." Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017).

4    Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and

5    "indicate[s] that failure to do so would result in dismissal" under the rule.

6    Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir.

7    2019).

8    7.    Dismissal of a civil action under Rule 41 may be appropriate to

9    advance the public's interest in the expeditious resolution of litigation, the

10    court's need to manage its docket, and to avoid the risk of prejudice to

11    defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010).

12    Additionally, a court should consider the public policy favoring disposition

13    of cases on their merits and the availability of less drastic alternatives in

14    its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

15                              * * *

16    8.    In the present action, the Court concludes that dismissal of the

17    action is appropriate. On its face, the complaint suffers from numerous

18    pleading problems that make it unlikely that Plaintiff could plausibly

19    proceed with the action and obtain relief.

20    9.    Moreover, Plaintiff failed to respond to the magistrate judge's

21    screening order. As a result, Plaintiff has not properly explained why her

22    case should not be dismissed. Other than her original complaint and her

23    IFP documentation, Plaintiff has failed to file anything else with the Court

24    since the commencement of this civil action. Plaintiff's failure to do so

25    demonstrates that she has no interest in advancing the action here.

26    10.    By contrast, the Court, the defense, and the public have a

27    strong interest in terminating this action. This is particularly true given

28

1   that Plaintiff effectively chose not to pursue her case by failing to comply

2   with Judge Wilner's OSC.  Furthermore, because Plaintiff is a pro se

3   litigant who has not advanced the action, no sanction short of dismissal

4   will be effective in moving this case forward.  Carey, 856 F.2d at 1440.

5       11.   The Court concludes that dismissal is appropriate.  Applied

6   Underwriters, 913 F.3d at 892.  Dismissal under Rule 41(b) ordinarily

7   "operates as an adjudication on the merits" of a claim.  However, because of

8   the nature of the allegations and because the Central District is likely not

9   the correct judicial district to take up Plaintiff's claims against Shasta

10  County authorities, the Court exercises its discretion to dismiss the action

11  without prejudice and without leave to amend.

12      12.   The Clerk is directed to close the action.

13      IT IS SO ORDERED.

14

15

16  Dated: May 1, 2023

17  _____
    HON. SHERILYN P. GARNETT
    UNITED STATES DISTRICT JUDGE

18

19  Presented by:

20

21

22  _____
    HON. MICHAEL R. WILNER
23  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4